UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RODNEY FITZGERALD BOUTWELL,

    Plaintiff,

v.                                      Case No. 3:14cv616/RV/CJK

ENTERPRISE RENTAL CO. et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended complaint on the form for use by *pro se* litigants proceeding under 28 U.S.C. § 1331 (providing for the court's jurisdiction over cases involving a federal question) or 42 U.S.C. § 1983 (the civil rights statute). (Doc. 6). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that this action should be dismissed for lack of subject matter jurisdiction, because plaintiff's allegations are inadequate to invoke federal question or diversity jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is a resident of Pensacola, Florida. Plaintiff is suing Enterprise Rental Company and ELCO Administrative Services Company, both of which plaintiff

identifies as residents of Florida. (Doc. 6, pp. 1-2). Plaintiff claims the defendants violated his rights under the First, Fourth, Eighth and Fourteenth Amendments when they rented him a vehicle with defective brakes and, after plaintiff complained and was promised a replacement vehicle, failed to promptly replace it. Plaintiff alleges that one week later he was driving the vehicle, the brakes gave out and he had an accident. (Doc. 6, p. 3). As relief, plaintiff seeks $1.5 million. (*Id.*, p. 4).

The jurisdiction of the federal courts is limited by the scope defined by the Constitution and by statute. *In re Carter*, 618 F.2d 1093, 1098 (5th Cir. 1980); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress.") (*quoting Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction is a threshold inquiry the court is required to consider before addressing the merits of any claim. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). The court may raise the issue of subject-matter jurisdiction *sua sponte* at any point in the litigation when a doubt about jurisdiction arises. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising the issue of subject matter jurisdiction *sua sponte*). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1331 provides district courts with subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). "A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith v. GTE*, 236 F.3d at 1310 (quotation omitted).

Even a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) "such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir.1998) (quotation omitted). A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject-matter jurisdiction only "if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (quotation omitted).

Plaintiff seeks redress against the defendants for failing to promptly replace or repair the allegedly defective vehicle they rented him. This issue does not involve the interpretation or application of the Constitution or laws of the United States. Plaintiff's claim that this conduct violated the First, Fourth, Eighth and Fourteenth Amendments has no plausible foundation. Plaintiff cannot sue the defendants under 42 U.S.C. § 1983, because that statute provides a cause of action only for the

violation of a citizen's federal rights by a state actor. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981) (holding that a claim under § 1983 requires a plaintiff to establish that a state actor deprived him of a federal right), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  Plaintiff's allegations do not remotely suggest the defendants violated a federal right, nor do they suggest the kind of action that would subject the private party defendants to § 1983 liability as "state actors." *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (setting forth the circumstances under which a private party may be viewed as a state actor for purposes of § 1983).  Plaintiff cannot invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, because all parties are allegedly residents of the State of Florida.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED for lack of subject matter jurisdiction, and the clerk directed to close the file.

At Pensacola, Florida this 11th day of December, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).